UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

CASE NO: 8:11-cv-2545-T-23TBM

FRANK R. GUIDIDAS, JEAN MATTES,
LISA BRUSGER, CAROLYN BARTLETT,
KATHRYN J. BRONSON, LORI CLEMONS,
KEVIN M. CORRIGAN, MICHELLE
CRAWFORD, SUSAN FEEHLEY,
LYDIA A. FREYEISEN, ALEXANDER
GAUDIO, CANDANCE E. HAGADORN,
LEANNE HANSON, JESSICA IVANENKO,
JULIA KOZEL, RHONDA J. LEBLANC,
DESIREE MILLER, ALBERTA MOORE,
JACK SHULTZ, FEINA STEKOL,
CLAUDETTE SWETIC, JUDITH
WATERHOUSE, RITA WILLIAMS,
MOYEAN R. WILSON, RENEE YODER, and
FRANK GUIDIDAS on behalf of themselves and
all others similarly situated,

      Plaintiffs,

v.

COMMUNITY NATIONAL BANK
CORPORATION, a Florida corporation;
ROGER L. BALDINGER; JOSEPH R.
KONDISKO; ALLANA M. KONDISKO,
WILLIAM G. MCKELVEY; JEANNE
W. MCKELVEY; and CHARLES K.
GRAHAM,

      Defendants.
_____/

**PLAINTIFFS' MOTION TO DISMISS DEFENDANTS' COUNTERCLAIM**

Plaintiffs, JEAN MATTES, LISA BRUSGER and CAROLYN BARTLETT (hereinafter referred to as the "Plaintiffs"), hereby respectfully file their Motion to Dismiss Defendants'

Counterclaim [DE 43] and respectfully request that this Court grant this Motion for the reasons detailed next.

I.      **Motion to Dismiss Standard.**

Pursuant to Federal Rule of Civil Procedure Rule 12(b)(6), a claim asserted by a party is subject to dismissal when there are no set of facts with would entitle the pleader to relief. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Importantly, to move beyond a motion to dismiss, the "complaint must contain allegations addressed to each material element 'necessary to sustain a recovery under some viable legal theory.'" *Summit Towers Condo. Ass'n, Inc. v. QBE Ins. Corp.,* 798 F. Supp. 2d 1311, 1313 (S.D. Fla. 2011). Here, there exists no set of plausible facts which would entitle the Defendants to relief based on their cause of action for contribution and indemnity; consequently, Defendants' Counterclaim is subject to dismissal.

II.     **Defendants' Counterclaim Fails to State a Claim as a Matter of Law.**

The Defendants assert a single-count counterclaim against three named Plaintiffs in this class action lawsuit, originally filed by the Plaintiffs under the Employee Retirement Income Security Act (ERISA). (DE 43). The Defendants argue that they are entitled to contribution or indemnity from Plaintiffs Lisa Brusger, Carolyn Bartlett and Jean Mattes because they were allegedly "members of the [Community National Bank Corporation] CNBC Plan Administrative Committee during the putative class period." (DE 43, ¶¶ 1–3, 7–8). The Defendants further allege that as a result, these Plaintiffs were "named fiduciaries" under ERISA and therefore owed a fiduciary duty to the Plan and all participants. Despite these allegations, and the conclusory nature of the Defendants' claim for relief, there exists no legal basis for the Defendants to bring a

claim for contribution or indemnity under the ERISA statutory scheme. As detailed next, the Defendants' Counterclaim for contribution and indemnification should be dismissed for three reasons.

### A. As a matter of law there is no statutory claim for contribution or indemnification under ERISA.

ERISA provides that a civil suit may be brought "by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." *Meoli v. American Med. Servs. of San Diego,* 35 F. Supp. 2d 761, 763 (S.D. Cal. 1999) (quoting 29 U.S.C. § 1132(a)(3)). While ERISA expressly provides relief for injured plaintiffs or plan participants, the statutes that comprise ERISA do not provide for indemnification or contribution between co-fiduciaries for liability arising from their administration of an ERISA plan. In fact, several courts have addressed this very issue and have expressly held that claims for contribution and indemnity do not exist. *Meoli*, 35 F. Supp. 2d at 763 ("subsection (a)(3) cannot fairly be read to support a claim for indemnity against a co-fiduciary"); *Kim v. Fujikawa*, 871 F. 2d 1427, 1434 (9th Cir. 1989) ("ERISA, the governing substantive law, does not recognize a right of contribution"); *Fedex Corp. v. Northern Trust Co.*, 2010 WL 2836345,*5 (W.D. Tenn. 2010) ("the court concludes that there is no right of contribution among fiduciaries under ERISA"); *May v. National Bank of Commerce*, 390 F. Supp. 2d 674, 677 (W.D. Tenn. 2004) ("ERISA does not provide for a right of contribution among fiduciaries"); *Physicians Healthchoice, Inc. v. Trustees of Automotive Employee Benefit Trust*, 764 F. Supp. 1360, 1364–65 (D. Minn. 1991) (finding that "no right of contribution or indemnity among ERISA fiduciaries can be found in

ERISA"). Importantly, as stated in *Meoli*, there is "no reason to imply a right by a fiduciary to indemnification when there is no right to contribution." 35 F. Supp. 2d at 764.

Here, the Defendants/Counter-Plaintiffs have alleged that Lisa Brusger, Carolyn Bartlett and Jean Mattes are co-fiduciaries. The above cited case law clearly holds that a claim for indemnification and contribution between co-fiduciaries does not exist under ERISA. Thus, even assuming that Lisa Brusger, Carolyn Bartlett and Jean Mattes are co-fiduciaries, the legal action pled by the Defendants / Counter-Plaintiffs cannot proceed as a matter of law. Because the facts, as pled by the Defendants, do not entitle them to relief, the Defendants' Counterclaim must be dismissed.

### B. As a matter of law there is no claim for contribution or indemnification under federal common law.

As detailed above, no claim for contribution or indemnity exists under the ERISA statutory scheme. Federal courts have also precluded the application of contribution and indemnity to ERISA claims based on federal common law. *Fedex. Corp v. Northern Trust Co.* 2010 WL 2836345,*5 (W.D. Tenn. 2010). The *Fedex* court ruled that there was no right to contribution based on federal common law because to rule otherwise would be inconsistent with the primary purpose of ERISA: to protect pension plans and assets. The court explained that while "the federal courts have the authority to develop a federal common law of ERISA," ERISA is a "carefully crafted and detailed enforcement scheme [which] provides strong evidence that Congress did not intend to authorize other remedies that it simply forgot to incorporate expressly." *Id.* at 4. Thus, the court concluded that federal common law could not create a right to contribution not provided for under ERISA.

Importantly, the *Fedex* court is not alone on this issue. *Williams v. Provident Inv. Counsel, Inc.* 279 F. Supp. 2d 894 899–901 (N.D. Ohio 2003) (ruling that the development of

federal common law under ERISA does not permit a fiduciary to claim contribution or indemnity from a co-fiduciary); *Toledo Blade Newspaper Unions-Blade Pension Plan v. Investment Performance Servs., LLC*., 448 F. Supp. 2d. 871, 874–876 (N.D. Ohio 2006). (same); *Openshaw v. Cohen, Klingenstein & Marks, Inc.,* 320 F. Supp. 2d 357, 362–64 (D. Md. 2004) (same). These cases also hold that courts are not permitted to rewrite ERISA and fashion remedies that were excluded by Congress.

The application to this case is no different: the Defendants seek contribution and indemnity from three of the Plaintiffs to reduce their own personal liability to the Plaintiffs overall. Implying a right of contribution is particularly inappropriate when Congress "'intended to regulate for the protection and benefit of an entirely distinct class, and where there is no indication in the legislative history that Congress was concerned with softening the blow on joint wrongdoers.'" *Meoli v. American Med. Servs. of San Diego*, 35 F. Supp. 2d. 761, 764 (S.D. Cal. 1999) (quoting *Kim v. Fujikawa,* 871 F. 2d 1427 (9th Cir. 1989)). Here, as with ERISA itself, federal common law provides no legal basis for the Defendants' claim for contribution and indemnity.

### C. As a matter of law there is no claim for contribution or indemnification under Florida law.

Lastly, because the Defendants have not articulated the legal basis for their claim, the Plaintiffs demonstrate next that this claim has also been rejected under Florida law. Florida statutory law provides for indemnification and contribution under very limited circumstances. *Fla. Stat*. § 768.31 (2011). Importantly, that same statutory provision also expressly excludes its application to "breaches of trust or [to] other fiduciary obligation[s]." *Fla. Stat*. § 768.31(2)(g). Furthermore, in *In Re Fairchild Industries, Inc. & GMF Investments, Inc., "ERISA" Litigation*, the district court expressly prohibited the application of Florida Statute § 768.31 to an ERISA

5

claim. 768 F. Supp. 1528 (N.D. Fla. 1990). The *Fairchild* court, when ruling on the exact same issue presented by this motion, (i.e., the viability of the defendants' counterclaim in an ERISA suit for contribution against several plaintiffs), expressly denied the application of Florida Statute §768.31 and dismissed the counterclaim. *Id.* at 1537. The district court concluded:

> if, as defendants Fairchild and the Fairchild Directors contend, they were not 'fiduciaries' at the time of the challenged conduct, no liability can be imposed and Section 768.31 will not be invoked. On the other hand, should defendants be found liable for damages resulting from a breach of fiduciary duties, the statute expressly precludes the right to contribution between co-fiduciaries. Therefore, plaintiffs' motion to dismiss defendants Fairchild and Fairchild Directors' counterclaims for contribution are GRANTED. *Id.*

Here, as in the *Fairchild* case, Florida Statute §768.31 cannot apply to an ERISA suit as a result of subsection (g) of that same statute. Thus, there is no legal theory under Florida law which would permit a claim for contribution or indemnity in an ERISA claim. Dismissal of the Defendants' Counterclaim for failure to state a claim upon which relief can be granted is therefore proper.

WHEREFORE, Plaintiffs Lisa Brusger, Carolyn Bartlett and Jean Mattes hereby respectfully file this Motion to Dismiss Defendants' Counterclaim and request that this Court grant this Motion.

    Respectfully submitted,

    **BOLDT LAW FIRM**
    215 South 21st Avenue
    Hollywood, Florida  33020
    Telephone: (954) 921-2225
    Facsimile: (954) 921-2232
    kboldt@boldtlawfirm.com
    Co-Counsel for Plaintiffs

    /s/ Kimberly L. Boldt, Esquire
      KIMBERLY L. BOLDT
      Florida Bar No. 957399

-and-

**ALEXANDER ANGUEIRA, P.L.L.C.**
Plaza 57, 7301 S.W. 57th Court
Suite 515
South Miami, Florida 33143
Office: (305) 357-9031
Fax: (305) 357-9050
alex@angueiralaw.com
Co-Counsel for Plaintiffs

/s/ Alexander Angueira, Esquire
ALEXANDER ANGUEIRA
Florida Bar No. 0716091

-and-

**CULMO TRIAL ATTORNEYS**
4090 Laguna Street
Coral Gables, Florida 33146
Telephone: (305) 200-5281
Fax: (305) 200-5476
tom@culmotrialattorneys.com
Co-Counsel for Plaintiffs

/s/ Thomas A. Culmo, Esquire
 THOMAS A. CULMO
 Florida Bar No. 775479

## CERTIFICATE OF SERVICE

I hereby certify that on Tuesday, August 28, 2012, I electronically filed the foregoing document with the Clerk of the Court using *CM/ECF*. I also certify that the foregoing document is being served this day on all counsel of record identified on the following Service List in the manner specified via transmission of Notices of Electronic Filing generated by *CM/ECF*.

By: /s/ Kimberly L. Boldt

## SERVICE LIST

*Frank Guididas, et al. v. Community National Bank Corporation, et al.*
**Case No. 8:11-cv-2545-T-TBM**
United States District Court for the Middle District of Florida

**Valerie J. Hamm, Esquire**
Igler & Dougherty, P.A.
500 N. Westshore Blvd. Suite 1010
Tampa, Florida 33609-3524
Telephone: (813) 289-1020
Facsimile: (813) 289-1070
vih@idlaw.biz

**Edward W. Dougherty, Jr., Esquire**
Igler & Dougherty, P.A.
2457 Care Drive
Tallahassee, Florida 32308-3501
Telephone: (850) 878-2411
Facsimile: (850) 878-1230
ewd@idlaw.biz
*Attorneys for Defendants*

**Alexander Angueira, Esquire**
Alexander Angueira, P.L.L.C.
Plaza 57, 7301 S.W. 57th Court, Suite 515
South Miami, Florida 33143
Office: (305) 357-9031
Fax: (305) 357-9050
alex@angueiralaw.com
*Attorney for Plaintiffs*

**Thomas A. Culmo, Esquire**
Culmo Trial Attorneys
4090 Laguna Street
Coral Gables, Florida 33146
Telephone: (305) 200-5281
Fax: (305) 200-5476
tom@culmotrialattorneys.com
*Attorney for Plaintiff's*