UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No. 8:11-cv-2545-T-23TBM

**FRANK R. GUIDIDAS,** *et al.,*

    **Plaintiffs,**

v.

**COMMUNITY NATIONAL BANK**
**CORPORATION, n/k/a MOODY**
**BUSINESS PARTNERS, INC.,** *et al.,*

    **Defendants.**

_____/

**DEFENDANTS' RESPONSE TO PLAINTIFFS'**
**MOTION TO DISMISS DEFENDANTS' COUNTERCLAIM,**
**WITH INCORPORATED MEMORANDUM OF LAW**

Defendants, by and through counsel, hereby respond to the Motion to Dismiss Defendants' Counterclaim [Dkt. #48] filed by Plaintiffs/Counter-Defendants, JEAN MATTES, LISA BRUSGER and CAROLYN BARTLETT, as follows:

I.    **INTRODUCTION**

Defendants filed their Answer, Affirmative Defenses and Counterclaim for contribution and indemnity [Dkt. #43] in the instant action, alleging that three named Plaintiffs, JEAN MATTES, LISA BRUSGER and CAROLYN BARTLETT (hereinafter "Counter-Defendants"), served as members of the Plan Administrative Committee (hereinafter "Committee") of the Community National Bank Corporation Employee Stock Ownership Plan (hereinafter "Plan" or "CNBC" Plan). The Committee was a "named fiduciary" under the Plan (*see* Plan dated January 27, 2009, P. 95, §10.11 – *Named Fiduciaries and Allocation of Responsibility*), and hence a

1

"fiduciary" under ERISA.  *See* ERISA §3(21)(A), ("[A] person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C. §1002(21)(A); *also see* Plan dated January 27, 2009, P. 7-8, §1.27 – *Fiduciary*.  As members of the Committee during the putative class period, Counter-Defendants were charged with administering the Plan for the exclusive benefit of the participants and had the "power and discretion to construe the terms of the Plan and to determine all questions arising in connection with the administration, interpretation, and application of the Plan."  *See* Plan dated January 27, 2009, P. 29, §2.4 – *Powers and Duties of the Administrator*. Clearly, Counter-Defendants were acting as ERISA fiduciaries while serving on the Committee during the putative class period as matter of law.

## II.  ARGUMENT

### A. The Circuit Courts of Appeal are split on the issue of an ERISA fiduciary's right to obtain contribution and indemnity from other fiduciaries.

Counter-Defendants assert that the Counterclaim for contribution and indemnity[1] asserted by the Defendants/Counter-Plaintiffs should be dismissed, contending that there is "no legal basis" for contribution or indemnification under ERISA. [Dkt. #48, P. 5].  However, the law in

---

[1] "Contribution" generally refers to apportioning damages between joint tortfeasors by requiring each to pay his or her proportionate share, whereas "indemnity" implies shifting the entire loss from the party who paid the judgment to the tortfeasor who should, in fairness, be held responsible. *Greyhound Lines, Inc. v. Cobb County, Georgia*, 681 F.2d 1327, 1332 fn. 7 (11th Cir. 1982).

this area is not nearly as settled as Counter-Defendants would have the Court believe. The Supreme Court has yet to consider the issue of contribution and indemnity among ERISA fiduciaries, and the few Circuit Courts of Appeal that have addressed the issue are evenly divided.[2] Defendants/Counter-Plaintiffs urge the Court to adopt the reasoning set forth by the Second Circuit Court of Appeals recognizing a fiduciary's right to assert contribution and indemnity claims against co-fiduciaries under ERISA.

In *Chemung Canal Trust Co. v. Sovran Bank/ Maryland*, 939 F.2d 12 (2d Cir. 1991), *cert. denied,* 112 S.Ct. 3014 (1992), the Second Circuit Court of Appeals held that ERISA co-fiduciaries can assert claims of contribution and indemnity against each other, noting that "even a breaching fiduciary should be entitled to the protection of contribution that has been traditionally granted fiduciary defendants under the equitable provisions of trust law." *Id.,* at 16. Focusing on the legislative history of ERISA, the Court noted the Supreme Court's directive in *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 109 S.Ct. 948 (1989) that "courts are to develop a federal common law of rights and obligations under ERISA-regulated plans" as well as ERISA's legislative history mandating courts to draw upon "principles of traditional trust law" in deciding cases under ERISA. *Chemung,* at 16 (citations omitted).

Notably, in *Chemung* the Second Circuit rejected the application of the four-part test for determining whether a right of action can be implied from a federal statue set forth in *Cort v.*

---

[2] Similarly, the Court of Appeals for the Eleventh Circuit has yet to address the issue of contribution and indemnity among ERISA fiduciaries, and the lower federal courts within the Eleventh Circuit have reached opposite conclusions. *Cf. Jones v. Trevor, Stewart, Burton and Jacobsen, Inc.,* 1992 WL 252137 (N.D. Ga. 1992) (holding former fiduciary may seek contribution and indemnity from other fiduciaries as consistent with congressional intent that federal courts fashion a federal common law under ERISA based on traditional trust law); and *Hollingshead v. Burford Equipment Co.,* 747 F.Supp. 1421 (M.D. Ala. 1990). (ERISA does not provide any right of indemnification or contribution).

*Ash*, 422 U.S. 66, 95 S.Ct. 2080 (1975), opining that the test was "too simplistic … for the problem before us." *Chemung,* at 15.  The Court further stated that the right of contribution among co-trustees "has been for over a century, and remains, an integral and universally-recognized part of trust doctrine," and that ERISA's legislative history "codif[ies] and make[s] applicable to ERISA fiduciaries certain principles developed in the evolution of the law of trusts." *Id.,* at 16, *quoting Firestone*, 489 U.S. at 110, 109 S.Ct. at 954.  The Second Circuit further noted that ERISA provides for joint liability among co-fiduciaries under ERISA §409 (29 U.S.C. §1109), and since a fiduciary may be held liable for another fiduciary's breach of fiduciary responsibility, there was simply no reason that a single fiduciary only partially responsible for a loss should shoulder its full brunt.  Determining that a claim for contribution is simply a procedural device that allows the equitable distribution of losses among co-fiduciaries, the Court stressed that "full responsibility should not depend on the fortuity of which fiduciary a plaintiff elects to sue." *Chemung* at 15-16.   Accordingly, the Second Circuit upheld an ERISA fiduciary's right to claim contribution from co-fiduciaries in ERISA breach of fiduciary cases.[3]

As noted above, other Courts of Appeal have rejected actions for contribution or indemnity in the context of ERISA.  In *Kim v. Fujikawa*, 871 F.2d 1427 (9th Cir. 1989), the Ninth Circuit determined that ERISA's legislative history did not support the contention that Congress implicitly intended to allow a cause of action for contribution under ERISA, when the party seeking contribution "'is a member of the class [*e.g.,* fiduciaries] whose activities Congress intended to regulate for the protection and benefit of an entirely distinct class [*e.g.,* ERISA

---

[3]  The Seventh Circuit has also repeatedly upheld a right of contribution among ERISA fiduciaries.  *See Alton Memorial Hospital v. Metropolitan Life Ins. Co.,* 656 F.2d 245 (7th Cir. 1981); *Free v. Briody,* 732 F.2d 1331 (7th Cir. 1984); and *Donovan v. Robbins,* 752 F.2d 1170 (7th Cir. 1985).  *See also Lumpkin v. Envirodyne Industry, Inc.*, 933 F.2d 449 (7th Cir. 1991), *cert. denied*, 502 U.S. 939 (1991).

plans].'" *Id.,* at 1432, *quoting Texas Industries, Inc. v. Radcliff Materials, Inc.,* 451 U.S. 630, 639, 101 S.Ct. 2061, 2066 (1981) (no right to contribution under antitrust laws). Likewise, the Eighth Circuit in *Travelers Casualty & Surety Co. of America v. IADA Services, Inc.,* 497 F.3d 862 (8th Cir. 2007) held that in the absence of a specific Congressional mandate, ERISA does not provide a fiduciary the right of contribution from co-fiduciaries. In *Travelers,* the Eighth Circuit adopted a similar analysis as the dissent in *Chemung,* determining that Congress' failure to include a definitive remedy in the statute for co-fiduciaries constituted an affirmative rejection of such remedies. *Id.,* at 865-66. Similarly, the decisions of federal district courts regarding contribution and indemnity in the context of ERISA are also widely divergent. *See Pierce v. P & A Administrative Svcs.,* 2011 WL 2261116, at *13 (W.D.N.Y. June 6, 2011) (collecting cases); *Toledo Blade Newspaper Unions-Blade Pension Plan v. Investment Performance Svcs., L.L.C.,* 448 F.Supp.2d 871, 873 (N.D. Ohio 2006) (collecting cases); and *In re Enron Corp. Sec. Deriv. & ERISA Litigation,* 228 F.R.D. 541 (S.D. Tex. 2005) (detailing analytical split).

  **B.** **The Court should allow Defendants' Counterclaim of contribution and indemnity to go forward, based upon the legislative history of ERISA which mandates that courts develop federal common law drawing from the law of trusts.**

The Supreme Court has repeatedly noted that the legislative history of ERISA reveals Congress' directive that the federal courts develop a federal common law pertaining to ERISA based upon the principles developed in the law of trusts. *Firestone*, 489 U.S. at 110, *citing* H.R. Rep. No. 533, 93rd Cong., 11 (1973), *reprinted in* 1974 U.S.C.C.A.N. 4639, 4649. In fact Senator Jacob K. Javits, a Senate sponsor of the bill that would become ERISA, stated that "[it] is also intended that a body of Federal substantive law will be developed by the courts to deal with issues involving rights and obligations under private welfare and pension plans." 120 Cong.

5

Rec. 29942 (1974).  *See also* 120 Cong. Rec. 29933 (1974) (Remarks of Senator John J. Williams stressing that rights under ERISA would arise as they did under §301 of the Labor Management Relations Act[4] and would "authorize federal courts to fashion a body of federal law … a remedy that will effectuate that policy"). The Supreme Court in *Firestone* stated that "ERISA abounds with the language and terminology of trust law … [and its] legislative history confirms the Act's fiduciary responsibility provisions 'codif[y] and mak[e] applicable to [ERISA] fiduciaries certain principles developed in the evolution of the law of trusts.'" *Id.,* at 110 (citations omitted).  *See also Massachusetts Mutual Life Insurance Co. v. Russell,* 473 U.S. 134, 156-57, 105 S.Ct. 3085, 3097-98 (1985) ("ERISA's legislative history also demonstrates beyond question that Congress intended to engraft trust-law principles onto the enforcement scheme … and ERISA was *not* so 'carefully integrated' and 'crafted' as to preclude further judicial delineation of appropriate rights and remedies; far from barring such a process, the statute explicitly directs that court shall undertake it") (emphasis in original); *but see Mertens v. Hewitt Associates,* 508 U.S. 208, 113 S.Ct. 2063 (1993) ("The authority of courts to develop a 'federal common law' under ERISA, is not the authority to revise the text of the statute") (*citing Firestone,* 489 U.S. at 110).

At common law, actions for contribution and indemnity among co-trustees were clearly allowed, based upon principles of equity. *Chemung,* 939 F.2d at 16, *citing* Restatement (Second) of Trusts §258.[5]  "Contribution or indemnification claims do not represent new judicially-created

---

[4] 29 U.S.C. §185, also known as the "Taft- Hartley Act."

[5] Also see comment a to §258, which provides that contribution is appropriate -- not only between trustees who act jointly -- but also between those who are jointly and severally liable based on the co-trustee liability provision found in §224 of the Restatement (Second).  In the Counterclaim at issue, Defendants/Counter-Plaintiffs asserted joint and several liability under ERISA §405(a), 29 U.S.C. §1105(a). [Dkt. 43, P. 18, ¶ 11].

liabilities, but are instead equitable devices well-rooted in the common law of trusts as a way to fairly 'distribut[e] responsibility for plaintiff's losses proportionally among those responsible for the losses.'" *Haddock v. Nationwide Financial Services Inc.,* 570 F.Supp. 355, 360 (D. Ct. 2008) (*citing Chemung*, 939 F.2d at 15-16). Defendants/Counter-Plaintiffs urge the Court to adopt the reasoning of the Second Circuit in *Chemung,* applying traditional principles of common trust law in finding an implied right to contribution among co-fiduciaries under ERISA.

### C. ERISA §502(a)(3) allows fiduciaries to assert causes of action to obtain other appropriate equitable relief.

There is yet another basis for allowing fiduciaries to seek contribution and indemnity under ERISA – the statute itself. ERISA §502(a)(3) provides:

**(a) Persons empowered to bring a civil action**

A civil action may be brought—

   (3) by a participant, beneficiary, *or fiduciary*

      (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or

      (B) to obtain other *appropriate equitable relief*

        (i) to redress such violations or

        (ii) to enforce any provisions of this subchapter or the terms of the plan.

29 U.S.C. §1132(a)(3) (emphasis added).

Indeed, the Supreme Court recently addressed the remedies available under ERISA §502(a)(3), holding that the statute allows participants, beneficiaries, and fiduciaries "to obtain other appropriate equitable relief" to redress violations of ERISA or the plan's terms. In *Cigna Corp. v. Amara,* 563 U.S. ___ , 131 S. Ct. 1866 (2011), the Court interpreted §502(a)(3)'s phrase "appropriate equitable relief" as referring to those categories of relief that, before the merger of

7

law and equity, "'were *typically* available in equity.'" *Id., citing Sereboff* v. *Mid Atlantic Medical Services, Inc.*, 547 U. S. 356, 361 (2006) (emphasis in original).[6] The Court in *Amara* authorized the reformation of Cigna's pension plan to comport with representations that had been made to the plan's participants regarding the level of benefits they would receive as a result of structural changes made to the plan. The Court's decision in *Amara* reinforces the ability of federal courts to draw on equitable remedies under both ERISA §502(a)(3) and the common law of trusts when rectifying violations under ERISA – even remedies that were not specifically set forth in the statute itself.

### D.   A balancing of the *Cort v. Ash* factors weighs in favor of finding an implied right to contribution and indemnity.

In *Cort v. Ash,* the Supreme Court set forth four factors for courts to use in determining whether a remedy is implied in a statutory scheme: (1) whether the party seeking the remedy is a member of the class for whose special benefit the statute was created; (2) whether the legislature intended to create or deny such a remedy; (3) whether the remedy is consistent with the underlying legislative purpose of the statute; and (4) whether the action should be relegated to state law for the rule of decision. 422 U.S. at 78, 95 S.Ct. at 2088. The legislative history and purpose of ERISA has been addressed above (Section II.B., *supra*), and clearly these two factors weigh heavily in favor of finding an implied right to contribution and indemnity among co-fiduciaries. Thus, the Defendants/Counter-Plaintiffs will address only the first and fourth factors of the *Cort v. Ash* test.

---

[6] In *Sereboff,* the Supreme Court ruled unanimously that ERISA permitted a fiduciary to recover costs from settlement proceeds received by a plan beneficiary in a personal injury lawsuit, again demonstrating the Supreme Court's willingness to allow federal courts the ability to fashion appropriate remedies under ERISA.

Courts are again split on the application of the first factor in the context of contribution and indemnity among ERISA co-fiduciaries. Some courts applying this factor have determined that it weighs against finding a right in favor of an ERISA fiduciary, and that ERISA was "not intended to benefit fiduciaries who breach their duties." *Kim,* 871 F.2d at 1432. However, Defendants/Counter-Plaintiffs submit that this reasoning is flawed. It seems clear that the right to inter-fiduciary contribution and indemnity would actually *strengthen* the ability of plan beneficiaries and participants to obtain complete relief in the case of a fiduciary breach by allowing the casting of a wider net, thereby increasing the protection afforded to those beneficiaries and plan participants. Additionally, allowing contribution and indemnity would serve as a deterrent to collusion among parties to a fiduciary breach. For example, a fiduciary could align itself with plan members either to undermine the defense of another fiduciary defendant, or in an attempt to conceal his or her own wrongful conduct. Allowing a claim for contribution would thwart such practices. *See Emmons v. Equitable Life Assurance Society of U.S.,* 799 F.Supp. 1123, 1126 (D.N.M. 1992) ("allowing indemnification claims of a fiduciary under the circumstances at bar would enhance ERISA's deterrent effect, thereby promoting the best interests of participants and beneficiaries and serving the purpose of the statute").[7]

Furthermore, there could certainly be instances when a breach by a fiduciary (who plan members opted not to sue) might go undiscovered by them until after the applicable statute of limitations had run. In such a case, the plan members would have no further cause of action and would be unable to recover the loss. Also, if the fiduciary that plan members decided to sue later

---

[7] For an excellent discussion of this and other policy issues surrounding ERISA contribution and indemnity remedies, *see* Elizabeth A. DiCola, "Fairness and Efficiency: Allowing Contribution Under ERISA," 80 Cal.L.Rev. *1543* (Dec. 1992); *see also* John A. Pereira, "A Fiduciary's Right to Contribution or Indemnity Under ERISA," 21 Okla. City U.L.Rev. 507 (Summer/Fall 1996); *but see* George Lee Flint, Jr. and Philip W. Moore, "ERISA: A Co-Fiduciary Has No Right to Contribution and Indemnity," 48 S.D.L. Rev. 7 (2003).

became insolvent or filed bankruptcy, allowing that fiduciary to claim contribution and indemnity from co-fiduciaries would offer additional protection to plan members, further ensuring a means of recourse. Moreover, disallowing contribution would frustrate ERISA's twin purposes of (a) deterring plan abuse by allowing breaching fiduciaries to escape the consequences of their actions, and (b) protecting fiduciaries from being ruined by the actions of their co-fiduciaries. *Free,* 732 F.2d at 1337.

Probably the best policy reason for allowing contribution and indemnity is that it is simply *the fair thing to do*. "Fairness considerations have weighed heavily in instances where the courts or Congress have granted a right of contribution….. [I]t is unfair and unjust for one tortfeasor to bear the burden for all wrongdoers." DiCola, 80 Cal.L.Rev. at 10. Defendants/Counter-Plaintiffs submit that it would be particularly inequitable to allow the Counter-Defendants to escape the possibility of liability in the instant action for actions and decisions in which they played an active fiduciary role.[8]

Turning now to the fourth *Cort v. Ash* factor (whether the action should be decided under the state rule of decision), we are led to the inescapable conclusion that an implied remedy of contribution and indemnity is more properly within the ambit of federal, not state law. This is because the vast majority of state laws regarding benefit plans are preempted under ERISA. ("[The provisions of ERISA] shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described [under ERISA]"). ERISA §514(a), 29 U.S.C. §1144(a). Consequently, Counter-Defendants' argument that Florida Statute §768.31

---

[8] This is not to acknowledge that Defendants/Counter-Plaintiffs have committed an actionable breach of fiduciary duty in the instant case. They did not. However, in the event the Court disagrees and ultimately determines that an ERISA breach of fiduciary duty has occurred, the Counter-Defendants as "named fiduciaries" under the CNBC Plan should not escape their fair share of liability simply because they opted to initially align themselves with the members of the putative class.

(2011) prohibits an action for contribution and indemnity under ERISA [Dkt. #48, P. 5] is entirely misplaced.

Additionally, the Seventh Circuit identified another important policy behind allowing contribution, opining:

> *[w]here contribution is sought by one who has had to pay damages for violating a federal statute, the scope and limitations of the right of contribution are invariably treated as questions of federal rather than state law.... A departure from that principle would be unjustified in the case of ERISA fiduciaries....* Although there is great peril in using general language to decide specific cases not foreseen by the speaker, the language we have quoted and much else besides in the legislative history indicate that Congress had no great concern with preserving state prerogatives in this area. This mood makes it extremely unlikely that Congress would have wanted ERISA fiduciaries to be subject to the vagaries of state contribution law -- a body of law so various, mutable, complex, and uncertain that its application to ERISA fiduciaries might well result in subjecting them to inconsistent duties and a risk of multiple liability. ERISA fiduciaries are entitled to a uniform nationwide rule.

*Donovan,* 752 F.2d at 1179-1180 (emphasis supplied); *see also Via Christi Regional Med. Ctr., Inc. v Blue Cross and Blue Shield of Kansas, Inc.*, 2006 WL 3469544, *16 (D. Kan, Nov. 30, 2006) ("Congress intended ERISA to pre-empt state laws and to make a uniform set of federal rules to govern rights and responsibilities relating to ERISA plans"). The wide preemptive nature of the ERISA statute supports a finding that co-fiduciary liability "is a gap to be filled through the common lawmaking power of the [federal] courts." DiCola, 21 Okla. City L.Rev. at 29.

In short, a common sense analysis of the factors set forth in *Cort v. Ash* warrants a finding that contribution and indemnity is implied in ERISA. Not only are the policies of ERISA well-served by allowing a right to contributions among co-fiduciaries, but the legislative history surrounding ERISA clearly reflects Congress' charge to federal courts to fill in interstitial gaps in the statute via the use of federal lawmaking, based upon equitable principles developed in the

11

common law of trusts. As procedural devices firmly rooted in equity, contribution and indemnity allow a fairer method of distributing co-fiduciary liability without producing a deleterious effect on the ability of plan members and beneficiaries to recover damages in the event they are successful in pursuing breaches of fiduciary duty.

### III.   CONCLUSION

For the reasons set forth above, Counter-Defendants' Motion to Dismiss should be denied.

Dated:  September 21, 2012.

                              Respectfully submitted by:

**IGLER & DOUGHERTY, P.A.**
s/ Valerie J. Hamm
Fla. Bar No. 0586330
500 N. Westshore Blvd. Suite 1010
Tampa, Florida 33609-3524
Telephone: (813) 289-1020
vjhamm@verizon.net

*Attorney for Defendants/Counter-Plaintiffs*

### CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF or other approved means.

                              s/ Valerie J. Hamm
                              VALERIE J. HAMM

## SERVICE LIST

*Frank Guididas, et al. v. Community National Bank Corporation, et al.*
**Case No. 8:11-cv-2545-T30-TBM**
United States District Court for the Middle District of Florida

**Thomas A. Culmo, Esquire**
CULMO TRIAL ATTORNEYS, P.A.
4090 Laguna Street, 2nd Floor
Coral Gables, Florida 33146-1425
Telephone: (305) 200-5281
Facsimile: (305) 200-5476
tom@culmotrialattorneys.com

**Alexander Angueira, Esquire**
ALEXANDER ANGUEIRA, P.L.L.C.
7301 SW. 57th Court, Suite 515
South Miami, Florida 33143-5339
Telephone: (305) 357-9031
Facsimile: (305) 357-9050
alex@angueirralaw.com

-and-

**Kimberly L. Boldt, Esquire**
BOLDT LAW FIRM
2001 Tyler Street, Suite 2
Hollywood, Florida 33020-4566
Telephone: (954) 921-2225
Facsimile: (904) 921-2232
kboldt@boldtlawfirm.com

*Attorneys for Plaintiffs/Counter-Defendants*