UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**FRANK R. GUIDIDAS, et al.,**

   **Plaintiffs,**

v.                                                     **Case No.  8:11-cv-2545-T-30TBM**

**COMMUNITY NATIONAL BANK**
**CORPORATION, et al.,**

   **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiffs' Motion to Dismiss Defendant's

Counterclaim (Dkt. 48) and Defendants' Response to Plaintiffs' Motion to Dismiss

Defendants' Counterclaim, With Incorporated Memorandum of Law (Dkt. 51).  The Court,

having reviewed the motion, response, and being otherwise advised of the premises,

concludes that the motion to dismiss should be granted in part and denied in part.

## BACKGROUND FACTS

Plaintiffs' class action complaint is brought under the Employee Retirement Income

Security Act ("ERISA").  Plaintiffs were participants of the Community National Bank

Corporation Employee Stock Ownership Plan (the "Plan").  The Plan is a retirement plan

sponsored by Defendant Community National Bank Corporation n/k/a Moody Business

Partners, Inc. ("CNBC"). Plaintiffs' claims arise from the alleged failure of Defendants, who

are directors and officers of CNBC and therefore fiduciaries of the Plan, to act solely in the

interest of the participants and beneficiaries of the Plan, and to exercise the required skill, care, prudence, and diligence in administering the Plan and the Plans' assets during the period of time of January 2005 to the present.

Defendants filed their answer, affirmative defenses, and counterclaim for contribution and indemnity, alleging that three named Plaintiffs, Jean Mattes, Lisa Burger, and Carolyn Bartlett ("Counter-Defendants"), served as members of the Plan Administrative Committee ("Committee") for the Plan.  Defendants allege that the Committee was a "named fiduciary" under the Plan, and hence a "fiduciary" under ERISA.[1]  As members of the Committee during the putative class period, Defendants allege that Counter-Defendants were charged with administering the Plan for the exclusive benefit of the participants.  Specifically, the Plan gives them the "power and discretion to construe the terms of the Plan and to determine all questions arising in connection with the administration, interpretation, and application of the Plan." (Dkt. 43-1).  As such, Defendants argue that Counter-Defendants are co-fiduciaries under ERISA.

As co-fiduciaries under the Plan, Defendants seek contribution and indemnification from Counter-Defendants.  Counter-Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  Counter-

---

[1]ERISA qualifies a person as a fiduciary with respect to a plan to the extent "(i) he exercises any discretionary authority or discretionary control respecting management of such a plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C. § 1002(21)(A).

defendants argue that, even if they are fiduciaries under the Plan, there is no cause of action

for contribution or indemnification from co-fiduciaries under ERISA.[2]

## MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for

failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  It must

be "clear that no relief could be granted under any set of facts that could be proved consistent

with the allegations."  *Blackston v. State of Alabama*, 30 F.3d 117, 120 (11th Cir. 1994)

(*quoting Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).  When reviewing a motion to

dismiss, a court must accept all factual allegations contained in the complaint as true, and

view the facts in a light most favorable to the plaintiff.  *See Erickson v. Pardus*, 551 U.S. 89,

93-94 (2007).  However, unlike factual allegations, conclusions in a pleading "are not

entitled to the assumption of truth."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).  On the

contrary, legal conclusions "must be supported by factual allegations."  *Id.*  Indeed,

"conclusory allegations, unwarranted factual deductions or legal conclusions masquerading

as facts will not prevent dismissal."  *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185

(11th Cir. 2003).

## DISCUSSION

Neither the Supreme Court nor the Eleventh Circuit has ruled on the issue of whether

an ERISA fiduciary has the right to seek contribution and indemnity from another fiduciary.

---

[2]Counter-Defendants do not argue that Defendants failed to allege sufficient facts that they were "named fiduciaries" under ERISA.

Other circuits and district courts are split on the issue,[3] leaving it unresolved in many federal

courts and as one of first impression before this Court.  Defendants fail to make clear in their

counterclaim the statutory basis for their right to seek contribution and indemnification.

Thus, the Court will address the four potential sources for the relief sought, concluding that

there is a right to contribution and indemnification under the federal common law.

**I.      No Statutory Right Under ERISA**

ERISA § 502(a)(3) provides:

A civil action may be brought --
(3) by a participant, beneficiary, or *fiduciary* (A) to enjoin any act or practice
which violates any provision of this subchapter or the terms of the plan, or (B)
to obtain other *appropriate equitable relief* (i) to redress such violations or (ii)
to enforce any provisions of this subchapter or the terms of the plan.

29 U.S.C. § 1132(a)(3) (emphasis added).

The Supreme Court recently addressed the remedies available under § 502(a)(3).

*CIGNA Corp. v. Amara*, 563 U.S. —, 131 S. Ct. 1866, 1878 (2011).  The phrase "appropriate

equitable relief" refers to "'those categories of relief' that, traditionally speaking (*i.e.*, prior

to the merger of law and equity) 'were *typically* available in equity.'"  *Id.* (quoting *Sereboff*

*v. Mid Atlantic Medical Servs., Inc.*, 547 U.S. 356, 361 (2006) (emphasis in original).  A

---

[3]*See, e.g., Travelers Cas. & Sur. Co. of Am. v. Iada Servs., Inc.*, 497 F.3d 862 (8th Cir. 2007)
(finding no right of contribution); *Chemung Canal Trust Co. v. Sovran Bank/Maryland*, 939 F.2d
12 (2d Cir. 1991) (finding a right to contribution); *Kim v. Fujikawa*, 871 F.2d 1427 (9th Cir. 1989)
(finding no cause of action for contribution); *FedEx Corp. v. N. Trust Co.*, 2010 WL 2836345 (W.D.
Tenn. July 16, 2010) (disallowing contribution rights under ERISA); *Henderlight v. Lay*, 2006 WL
1663695, at *7 (E.D. Tenn. June 14, 2006) (declining to dismiss complaint for contribution as a
matter of law because some set of facts might entitle third-party plaintiff to recover contribution
under ERISA).

fiduciary's right to contribution and indemnification from co-fiduciaries falls squarely within traditional equitable relief. *Chemung Canal Trust Co. v. Sovran Bank/Maryland*, 939 F.2d 12, 15 (2d Cir. 1991).

However, § 502(a)(3) refers to violations of ERISA or enforcement of a plan's terms, not to the equitable remedies available to a breaching fiduciary against another fiduciary. Moreover, the Supreme Court has previously held that, in order to recover for a violation of § 409 which makes fiduciaries "subject to such other equitable or remedial relief as the court may deem appropriate," the relief must "inure to the benefit of the plan as a whole" and "Congress did not intend that section to authorize any relief except for the plan itself." *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 140, 144 (1985).[4]

Therefore, § 502(a)(3) and § 409 cannot form a statutory basis for Defendants' claim for contribution and indemnification from Counter-Defendants because that relief would not benefit the Plan. In sum, there is no statutory right to contribution and indemnification under

---

[4]The Court further explained its reasoning for limiting relief to the plan:

> To read directly from the opening clause of § 409(a), which identifies the proscribed acts, to the "catchall" remedy phrase at the end-skipping over the intervening language establishing remedies benefiting, in the first instance, solely the plan - would divorce the phrase being construed from its context and construct an entirely new *class* of relief available to entities other than the plan. . . . A fair contextual reading of the statute makes it abundantly clear that its draftsmen were primarily concerned with the possible misuse of plan assets, and with remedies that would protect the entire plan, rather than with the rights of an individual beneficiary.

*Id.* (citations omitted) (emphasis in original).

ERISA. As such, Counter-Defendants' motion to dismiss based on a lack of a statutory right to contribution and indemnification is granted.

## II.     Federal Common Law Right Under ERISA

Although a "comprehensive and reticulated statute," Congress drafted ERISA with the view that a federal common law of trusts would evolve under it. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 108 (1989) (quoting *Nachman Corp. v. Pension Benefit Guar. Corp.*, 446 U.S. 359, 361 (1980)).

> ERISA abounds with the language and terminology of trust law. ERISA's legislative history confirms that the Act's fiduciary responsibility provisions 'codify and made applicable [to] the ERISA fiduciaries certain principles developed in the evolution of the law of trusts.' Given this language and history, we have held that courts are to develop a 'federal common law of rights and obligations under ERISA-regulated plans.'

*Id.* at 110 (citations omitted). Therefore, having been authorized to develop a federal common law under ERISA, federal courts should be guided by the principles of traditional trust law.

The Eleventh Circuit, although not directly addressing the issue of contribution or indemnity by co-fiduciaries, has provided the analytical framework for determining when a principle of trust law should supplement ERISA.

> [W]e interpret ERISA to embody a tailored law of trusts - a legal fabric which not only adopts familiar trust principles, but also supplements these principles with more exacting standards, *and* exempts from its reach certain parties and activities that may have been amenable to suit under traditional trust law. Thus, while it is obvious that ERISA is informed by trust law, the statute is, in its contours, meaningfully distinct from the body of the common law of trusts. A method of interpretation consonant with this realization will reject the unselective incorporation of trust law rules into ERISA. Rather, a

court should only incorporate a given trust law principle if the statute's text negates an inference that the principle was omitted deliberately from the statute. ERISA is a "comprehensive and reticulated statute," bearing the marks of circumspect drafters; courts should proceed with commensurate circumspection before concluding that a prominent feature of trust law was omitted from the statute merely through inadvertence.

*Useden v. Acker*, 947 F.2d 1563, 1581 (11th Cir. 1991) (citations omitted).

The Eleventh Circuit went on to identify the Second Circuit's then-recent decision, *Chemung Canal Trust Co. v. Sovran Bank/Maryland*, 939 F.2d 12 (2d Cir. 1991), as a template of their above-delineated approach to ERISA. *Useden*, 947 F.2d at 1581. In *Chemung*, the Second Circuit held the "right of action" for contribution and indemnity represents a fundamental principle of equity jurisprudence which "is [nothing] more than a procedural device for equitably distributing responsibility for plaintiff's losses proportionally among those responsible for the losses." *Id.* at 15-16. The Second Circuit recognized that Congress empowered federal courts to fashion a federal common law under ERISA and that traditional trust law indisputably provides for a right of contribution among defaulting fiduciaries. *Id.* at 16 (finding "the right of contribution among co-trustees has been for over a century, and remains, an integral and universally-recognized part of trust doctrine"). Thus, they concluded that incorporation of what has long been embedded in traditional trust law and equity jurisprudence should become part of the federal common law for ERISA. *Id.*

Moreover, the Second Circuit rebutted the objecting party's argument that *Massachusetts Mutual Life Ins. Co. v. Russell*, 473 U.S. 134 (1985), precluded the recognition of a federal common law claim. *Chemung*, 939 F.2d at 17. In *Russell*, the

Supreme Court dismissed a plan beneficiary's action to recover extracontractual damages not

expressly authorized under ERISA. *Id.* For the remedy sought, the legislative history did

not indicate Congress intended such relief and the comprehensive legislative scheme

suggested the omission was intentional. *Id.* (explaining how Congress carefully integrated

six civil enforcement provisions, thereby evincing its intent not to authorize other remedies).

The Second Circuit distinguished *Russell* from the issue of contribution amongst co-

fiduciaries by pointing to the purpose of ERISA and its scope to delineate the rights of

beneficiaries, not fiduciaries.   *Id.* at 17-18 (stating ERISA's underlying purpose is

"enforcement of strict fiduciary standards of care in the administration of all aspects of

pension plans and promotion of the best interests of *participants* and *beneficiaries*" (quoting

*Russell*, 473 U.S. at 158) (emphasis added)).

The Eleventh Circuit approved of *Chemung*'s analysis, finding the Second Circuit's

reasoning particularly instructive because it did not automatically incorporate all common

law trust rights, but instead focused on the drafters' intent. *Useden*, 947 F.2d at 1581.

> Congress's failure to include enforcement provisions to address the relationships among fiduciaries does not necessarily mean that [C]ongress intended to preclude such remedies. ERISA was designed specifically to provide redress for plaintiffs - the plan's participants and beneficiaries. Its remedies do not purport to deal with allocating joint liabilities among fiduciaries, which is the essence of the problem facing us. Although silence on the contribution issue might be argued to mean that ERISA allows only those claims that directly benefit the plan or a participant, and intentionally bars relief in all other situations, there is nothing but silence to support this conclusion.

> A more likely inference is that when it came to remedies under ERISA, [C]ongress simply did not focus its attention beyond the welfare of the

Case 8:11-cv-02545-JSM-TBM   Document 53   Filed 11/05/12   Page 9 of 14 PageID 671


> plan's participants and beneficiaries. It does not follow, however, that [C]ongress would have rejected contribution claims had the issue been expressly considered. On the contrary, [C]ongress wanted courts to fill any gaps in the statute by looking to traditional trust law principles. We conclude that incorporating traditional trust law's doctrine of contribution and indemnity into the law of ERISA is appropriate.

*Chemung Canal Trust Co.*, 939 F.2d at 18 (citations omitted). Given the Eleventh Circuit's use of *Chemung* as an example of how properly to supplement ERISA with trust law principles, the Eleventh Circuit appears to have endorsed *Chemung*'s conclusion as well.[5]

However, other circuit courts have found that Congress could not have inadvertently omitted a right to contribution under ERISA because of its detailed remedial scheme. *Travelers Cas. & Sur. Co. of Am. v. Iada Servs., Inc.*, 497 F.3d 862 (8th Cir. 2007) (finding no right of contribution between fiduciaries under ERISA); *Kim v. Fujikawa*, 871 F.2d 1427 (9th Cir. 1989) (finding no cause of action for contribution because "Congress did not intend to authorize other remedies [under ERISA] that it simply forgot to incorporate expressly" (quoting *Russell*, 473 U.S. at 146)).

This Court respectfully disagrees with those circuit court decisions for two reasons. First, the Supreme Court has stated that traditional trust law principles are a "starting point for analysis of ERISA" and inform ERISA to the extent they are consistent "with the language of the statute, its structure, or its purposes." *Harris Trust & Sav. Bank v. Salomon*

---

[5]Although the Eleventh Circuit agrees with the analysis of *Chemung*, the Eleventh Circuit has not directly addressed the issue and the district courts within the circuit are split. *See Jones v. Trevor, Stewart, Burton and Jacobsen, Inc.*, 1992 WL 252137 (N.D. Ga. Aug. 21, 1992) (allowing contribution); *Hollingshead v. Burford Equipment Co.*, 747 F. Supp. 1421 (M.D. Ala. 1990) (finding ERISA does not provide any right of contribution or indemnification).

*Smith Barney, Inc.*, 530 U.S. 238, 250 (2000) (quoting *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 447 (1999)). Congress has clearly spoken that ERISA's purpose is to protect plan participants and beneficiaries. Fiduciaries' rights are *not* the purpose of "ERISA's interlocking, interrelated, and interdependent remedial scheme." *Russell*, 473 U.S. at 146. Thus, fear of intruding on Congress' remedial scheme is not warranted given that allocation of fiduciary liability is not within the scope of ERISA nor is it inconsistent with its structure.

Second, the right to seek contribution and indemnity is not equivalent to an statutorily-enumerated cause of action already detailed in ERISA's remedial scheme. Rather, contribution and indemnification are equitable remedies, not legal causes of action. *See Chemung*, 939 F.2d at 15 (declaring it "misleading" to characterize a fiduciary's right of contribution as a usual "right of action"). Therefore, recognition of the right to seek these remedies does not encroach on Congress' sphere of power to fashion statutory causes of action.

Moreover, policy considerations weigh heavily in favor of allowing a fiduciary to seek contribution and indemnification from co-fiduciaries. These policy considerations are consistent with the goals of ERISA to protect the best interests of plan *beneficiaries* and would not undermine the remedies available to *them*, as contribution among fiduciaries does not alter the Plan's recovery.

"Full responsibility should not depend on the fortuity of which fiduciary a plaintiff elects to sue." *Id.* at 16. Even more important, defaulting fiduciaries who are also plan participants should not be allowed to benefit from their own wrong by suing their co-

fiduciaries first, as in the instant case.  *Contra FedEx Corp. v. N. Trust Co.*, 2010 WL

2836245, * 5 (W.D. Tenn. July 16, 2010) (concluding no right of contribution among

fiduciaries and finding the "danger more apparent than real" that a culpable fiduciary would

sue a co-fiduciary "comfortable in the knowledge that they themselves would not be brought

to task for their own misconduct").   Here, assuming Counter-Defendants are "named

fiduciaries" under the Plan, the rest of the class action plaintiffs could have joined them as

defendants in the initial complaint.  If contribution is not allowed, then jointly-liable ERISA

fiduciaries may escape responsibility by simply beating their co-fiduciaries to the courthouse

steps.[6]

Furthermore, contribution rights do not diminish the recovery for the plan and its

beneficiaries if the co-fiduciaries are sued in their individual capacities, not in their collective

capacity as the plan itself.  *Cf. BP Corp. N. Am. Inc. v. N. Trust Investments, N.A.*, 692 F.

Supp. 2d 980, 985-86 (N.D. Ill. 2010) (declining to allow contribution in part because

defendants pursued claims against the plaintiffs in their institutional capacities, thus any

judgment against them would reduce the amount of the plan's recovery).  Here, Defendants

seek contribution from Counter-Defendants in their individual capacities, not the Plan's

Committee in its institutional capacity.

_____

[6]Defendants do not allege specific facts giving rise to the breach of fiduciary duty by Counter-Defendants.  Thus, at this time, the Court cannot distinguish between passive and active fiduciaries or acts of nonfeasance and malfeasance committed by Defendants and Counter-Defendants. *See BP Corp. N. Am. Inc. v. N. Trust Investments, N.A.*, 692 F. Supp. 2d 980, 985 (N.D. Ill. 2010) (drawing a distinction in the Seventh Circuit's precedent between allowing contribution from malfeasant, active fiduciaries and not allowing contribution against nonfeasant, passive fiduciaries).

This Court finds the reasoning and outcome of *Chemung* persuasive and the policy considerations in favor of contribution compelling. Therefore, this Court holds that rights to contribution and indemnity from co-fiduciaries under ERISA are properly permitted pursuant to federal common law based upon traditional trust law, the cornerstone of ERISA's foundation. As such, Counter-Defendants' motion to dismiss based on lack of a federal common law right to contribution and indemnification is denied.

### III.   No Implied Right of Action

In *Cort v. Ash*, 422 U.S. 66 (1975), Supreme Court established a four-part test to determine whether a remedy is implied in a statutory scheme: (1) whether the party seeking the remedy is a member of the class for whose benefit the legislation was intended; (2) whether the legislature intended to create or deny such a remedy; (3) whether the remedy is consistent with the underlying purposes of the legislative scheme; and (4) whether the action should be relegated to state law for the rule of decision. *Id.* at 78.

Here, Defendants' Counterclaim fails on the first prong because ERISA was enacted to protect plan participants and beneficiaries, not fiduciaries. *See Chemung*, 939 F. 2d at 15 (finding that "the *Cort v. Ash* methodology is an inappropriate tool for analyzing" this issue because a right to contribution is not a "usual cause of action"). Therefore, Counter-Defendants' motion to dismiss based on a lack of an implied right of action to contribution and indemnification is granted.

**IV.    Preempted State Law Claims for Contribution or Indemnification**

Section 514(a) of ERISA provides that the Act completely preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan."  29 U.S.C. § 1144(a).  "A state law tort claim 'relates to an employee benefit plan' within the meaning of ERISA 'if it has a connection with or reference to such a plan.'" *Jones v. Trevor, Stewart, Burton and Jacobsen, Inc.*, 1992 WL 252137, at *5 (N.D. Ga. Aug. 21, 1992) (quoting *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 87 (1983); *see also Farlow v. Union Cent. Life Ins. Co.*, 874 F.2d 791 (11th Cir. 1989) (claim is "related" to a plan if the challenged conduct is not "wholly remove in content" from the plan)).  Section 514(a)'s preemption clause sweeps expansively, excluding all claims touching upon plans designed to benefit employees. *Id.*

Because Defendants do not articulate the legal basis for contribution and indemnity in their counterclaim, Counter-Defendants argue that any such attempt to establish that claim on Florida law would be superceded by ERISA.  The Court agrees.  Therefore, to the extent Defendants rely upon Florida law for their counterclaim, Counter-Defendants' motion to dismiss based on claims for contribution and indemnification under Florida law is granted. Any attempt to amend or later assert claims for contribution and indemnification based on Florida law will be denied.[7]

It is therefore ORDERED AND ADJUDGED that:

---

[7]Unlike the preceding three potential sources for finding a right to seek contribution or indemnification, Defendants do not argue for a claim based on Florida law in their response to Counter-Defendants' motion to dismiss.

1.      Plaintiffs' Motion to Dismiss Defendant's Counterclaim (Dkt. 48) is granted

in part and denied in part as discussed herein.

2.      Plaintiffs shall file an answer to the counterclaim within fourteen (14) days of

this Order.

**DONE** and **ORDERED** in Tampa, Florida on November 5, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2011\11-cv-2545.mtdismiss.frm