**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**FRANK R. GUIDIDAS, et al.,**

    **Plaintiffs,**

v.                                            Case No.  8:11-cv-2545-T-30TBM

**COMMUNITY NATIONAL BANK
CORPORATION, et al.,**

    **Defendants.**

_____/

**ORDER**

THIS CAUSE comes before the Court upon Defendants' Amended Motion to Strike Counter Defendants' Affirmative Defenses (Dkt. 59) and Plaintiffs' Response to Defendants' Amended Motion to Strike Counter Defendants' Affirmative Defenses (Dkt. 67). The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes the motion to strike should be granted in part and denied in part.

**BACKGROUND**

This class action is brought under the Employee Retirement Income Security Act ("ERISA"). The Plaintiff class consists of participants in the Community National Bank Corporation Employee Stock Ownership Plan ("Plan").[1] Defendants counterclaimed against Plaintiffs Jean Mattes, Lisa Burger, and Carolyn Bartlett ("Plaintiffs") for contribution as co-fiduciaries under the Plan. Plaintiffs moved to dismiss the counterclaim for failure to state

---

[1] The Motion to Certify Class (Dkt. 66) is still pending before this Court, awaiting Defendants' response.

a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6). The Court granted in part and denied in part the motion to dismiss, finding there is no statutory or implied right of action for contribution and any Florida right is preempted by federal law, but that federal common law provided for contribution among co-fiduciaries.

Plaintiffs filed their answer and affirmative defenses to the counterclaim. Defendants now move to strike six of Plaintiffs' ten affirmative defenses as well as their reservation of the right to assert additional affirmative defenses. The affirmative defenses at issue are as follows:

### First Affirmative Defense
Counter-Plaintiffs' claim is barred, in whole or part, because Counter-Plaintiffs lack standing to bring the counterclaim alleged.

### Second Affirmative Defense
Counter-Plaintiffs' claim is barred, because Counter-Defendants were following orders and directions from Counter-Plaintiffs and therefore Counter-Defendants took no actions as fiduciaries under the Plan.

### Third Affirmative Defense
The Counterclaim fails to state a claim against the Counter-Defendants upon which relief may be granted.

### Fourth Affirmative Defense
The Counterclaim is barred pursuant to ERISA § 410 (29 U.S.C. § 1110).

### Sixth Affirmative Defense
The Counterclaim is barred, in whole or in part, by 12 U.S.C. § 1821(d)(2)(a)(1).

### Ninth Affirmative Defense
The Counterclaim is barred because ERISA does not allow for contribution.

**DISCUSSION**

A.   **Standard of Review**

Under Rule 12(f) of the Federal Rules of Civil Procedure, the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, it is well settled among courts in this circuit that motions to strike are generally disfavored and will usually be denied unless it is clear the pleading sought to be stricken is insufficient as a matter of law. *See, e.g., Meth Lab Cleanup, LLC v. Spaulding Decon, LLC*, 2011 WL 398047, *1 (M.D. Fla. 2011). "A court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995).

Regarding affirmative defenses, a court will only strike a defense as insufficient as a matter of law if: (1) it is patently frivolous on its face, or (2) it is clearly invalid as a matter of law. *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002). Furthermore, an affirmative defense is sufficient when it raises substantive factual or legal questions and there is no showing of prejudice to the movant. *Reyher*, 881 F. Supp. at 576.

Although a true affirmative defense is "one that admits to the complaint, but avoids liability, wholly, or partly, by new allegations of excuse, justification or other negating matters," a court may allow an improperly denominated affirmative defense to stand because

it is really a specific denial and it does not confuse the issues or cause prejudice to any party. *Nat'l Trust Ins. Co. v. Graham Bros. Constr. Co., Inc.*, 2012 WL 2945563, *2-3 (M.D. Fla. July 18, 2012) (quoting *Bluewater Trading, LLC v. Willimar USA, Inc.*, 2006 WL 2355571, *2 (S.D. Fla. Sept. 9, 2008)).

Lastly, a reservation of the right to assert additional defenses through the course of discovery is not a defense at all and may be stricken. *Bruce v. Ocwen Loan Servicing, LLC*, 2012 WL 4867224, *2 (M.D. Fla. 2012).

**B.     First, Second, Third, Fourth, Sixth, and Ninth Affirmative Defenses**

Defendants move to strike Plaintiffs' first, second, third, fourth, sixth, and ninth affirmative defenses as insufficient. The Court agrees that Plaintiffs' third and ninth affirmative defenses should be stricken, but denies Defendants' motion to strike Plaintiffs' first, second, fourth, and sixth affirmative defenses.

The third affirmative defense asserts the exact same argument Plaintiffs' raised in their motion to dismiss: that the counterclaim fails to state a claim against Plaintiffs upon which relief may be granted. The Court has already found that Defendants did state a claim and denied the motion to dismiss. *See* Dkt. 53. The ninth affirmative defense raises the same argument as the third affirmative defense but with more particularity: that ERISA bars contribution from fiduciaries. Again, the Court has found that Defendants may seek contribution under the federal common law and that ERISA does not bar contribution. Therefore, these two affirmative defenses are invalid as a matter of law.

Plaintiffs' first affirmative defense raises factual questions of whether Defendants have suffered an injury, thereby allowing them standing to sue under Article III. The affirmative defense of standing is not insufficient nor frivolous and should not be stricken.

Plaintiffs' second affirmative defense raises factual questions of whether Plaintiffs were acting as fiduciaries under the Plan. Although this affirmative defense is likely a denial of the counterclaim's allegation that Plaintiffs were fiduciaries, it raises relevant and substantial legal and factual questions and does not confuse the issues. Therefore, it should not be stricken.

Plaintiffs' fourth affirmative defense cites 29 U.S.C. § 1110 as a bar to Defendants' counterclaim. Section 1110 allows for a plan, employer, or employee organization to purchase insurance to cover liability for acts or omissions of a fiduciary. Plaintiffs argue that it is premature to strike this defense because they have yet to obtain discovery related to what types of protections or insurance Community National Bank had for fiduciaries. The Court agrees.

Plaintiffs' sixth affirmative defense is not insufficient as a matter of law. Under 12 U.S.C. § 1821(d)(2)(A)(i), the FDIC as receiver shall succeed to "all rights, titles, powers, and privileges of the insured depository institution, and of any stockholder, member, accountholder, depositor, officer, or director of such institution with respect to the institution and the assets of the institution." Plaintiffs may assert that all rights of the Defendants under federal common law have been transferred to the FDIC after Community National Bank's failure. Thus, the Court will not strike the defense at this time.

Finally, Plaintiffs' reservation of the right to assert additional affirmative defenses is not an affirmative defense at all, nor is it a mislabeled specific denial. The Defendants have also reserved the right to assert additional affirmative defenses in their answer. *See* Dkt. 43. Because the Court may strike any insufficient affirmative defense on its own, the Court will strike this statement from both Plaintiffs' answer to the counterclaim and Defendants' answer to the complaint.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants' Amended Motion to Strike Counter Defendants' Affirmative Defenses (Dkt. 59) is granted in part and denied in part as stated herein.

2. Plaintiffs' Third and Ninth Affirmative Defenses are hereby stricken.

3. Plaintiffs' and Defendants' reservations of the right to assert additional affirmative defenses are hereby stricken.

**DONE** and **ORDERED** in Tampa, Florida on January 22, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2011\11-cv-2545.mtstrike.frm